IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA WARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 13-0250 Erie |
| ) | |
| THE CITY OF ERIE SCHOOL DISTRICT, ) | |
| RICHARD PERHACS; JAY BADAMS, WALT ) | |
| STROSSER, BEATRICE HABURSKY, ) | |
| JOSEPH ORLANDO, and TIMOTHY SABOL, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

**Conti, Chief District Judge**

**I.      Introduction**

This matter is before the court upon a motion to dismiss (ECF No. 9) filed by the School District of the City of Erie ("Erie School District") and each of the six named individual defendants: Superintendent Jay Badams ("Badams"); Assistant Superintendent Walter Strosser ("Strosser"); Personnel Director Beatrice Habursky ("Habursky"); Principal Joseph Orlando ("Orlando"); Principal Timothy Sabol ("Sabol"); and Attorney Richard Perhacs ("Perhacs")(collectively "defendants"). For the reasons which follow, the motion to dismiss will be granted.

**II.     Factual Background**

The following facts are taken directly from plaintiff's complaint and are accepted as true for purposes of this motion. The plaintiff Linda Ward ("plaintiff" or "Ward"), was employed as an Elementary School Counselor in the Erie School District from 2004 through 2011. (ECF No. 3 ¶¶ 1, 5.) During the spring of 2009, plaintiff informed her direct supervisor that she had a

disability and requested accommodation. (Id. ¶ 2.) When she returned to work for the 2009-2010 school year, plaintiff alleges, however, that "there were disparities in terms of previously enjoyed employment benefits." (Id.) She alleges that "a hostile work environment was created and/or allowed to persist" and that this environment exacerbated her disability. (Id. ¶¶ 3-4.) Finally, plaintiff states that she was "wrongfully terminated" on August 15, 2011. (Id. ¶ 5.) In her complaint plaintiff invokes the jurisdiction of several federal statutes, to wit: "Employment Civil Rights Discrimination: Title I, V, VII, and Civil Rights of 1991." (ECF No. 3.)

## IV. Standard of Review

A 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id*. (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie *Twombly*. *Id*. at 678–79. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

Finally, although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must still satisfy the threshold requirements of the federal pleading rules. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. Discussion

#### A. Sufficiency of the Complaint

As construed by this court, the allegations in the complaint are that defendants violated Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), by discriminating against her on the basis of an unnamed disability and refusing to provide her with reasonable accommodations. She asserts that the defendants violated Title V of the ADA by

retaliating against her on the basis of her disability.[1] In support of her claims, plaintiff generally alleges that she suffers from a disability, she was denied reasonable accommodations for that disability, and she was subjected to harassment and retaliation as the result of her disability.

In broad brush, Title I of the ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish a prima facie violation of Title I of the ADA, a plaintiff must show that she (1) has a disability, (2) is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations, and (3) has suffered an adverse employment decision as a result of discrimination. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010).

Similarly, Title V of the ADA, 42 U.S.C. § 12203, "prohibits retaliation and coercion directed at persons who have . . . made a charge of illegality under the ADA." *Doe v. National Bd. of Med. Examiners*, 199 F.3d 146, 154 n. 5 (3d Cir. 1999). To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) she engaged in protected employee activity, (2) she experienced adverse action by the employer either after or contemporaneous with the employee's protected activity, and (3) a causal connection links the employee's protected activity and the employer's adverse action. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

A review of the complaint reveals that plaintiff failed to supply any factual details whatsoever to support her allegations. For example, plaintiff failed to plead the name of her disability, the essential functions of her position, the type of accommodation she requested, why

---

[1] Ward's complaint appears to invoke Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. It is well settled, however, that disabled persons are not a protected class under Title VII. *See, e.g., Rawlins v. N.J. Trans.*, 431 F. A'ppx 145, 146 (3d Cir. 2011) (stating that a plaintiff "cannot maintain a Title VII action on the basis of disability.") Because Ward's allegations do not involve discrimination on the basis of any protected class, her Title VII claim must be dismissed.

her requested accommodation would have been reasonable or why such an accommodation would have enabled her to perform the essential functions of her employment, the manner in which she was retaliated against, the type and nature of the harassment she claims to have suffered, or any other required element of her claims. Without these basic facts, plaintiff cannot satisfy the pleading requirements of Rule 8(a) and her complaint fails to state a claim upon which relief can be granted. As discussed below, the court, however, will provide plaintiff an opportunity to amend her complaint to attempt to cure these deficiencies.

### B. Individual Defendants

In the event that the court provides plaintiff with an opportunity to amend her complaint, each of the individual defendants requests dismissal with prejudice. The individual defendants cite several decisions for the principle that the ADA does not permit claims for damages against individual defendants. *See Koslow v. Comm. of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA"); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011) ("Title I of the ADA does not provide for liability against individuals who are not themselves employers."); *Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 289 (3d Cir. 2006) (noting that the ADA does not permit individual liability on the part of employees). The principle applies whether the individual defendants are sued in their individual or their official capacities. *See Gretzula v. Camden Cnty. Tech. Sch. Bd. of Educ.*, Civil No. 12-7357 2013, WL 4430824, at *6-7 (D.N.J. Aug. 14, 2013) ("Title I of the ADA does not allow suit against individual defendants, regardless of the capacity in which the defendant is sued."); *Spencer v. Courtier*, No. 1:09-cv-124, 2010 WL 5293815, at *2 n.2 (W.D. Pa. Dec. 17, 2010) ("[A]n official capacity suit against a state official for money damages would be inappropriate under Title I of the ADA"). An exception

arises when the plaintiff seeks "*prospective* relief against state officials acting in their official capacities." *Koslow*, 302 F.3d 161 (allowing a Title I claim under the ADA to proceed against a state official only "insofar as [plaintiff] seeks prospective injunctive relief" and "only in his representative – not his individual – capacity.").

Here, the complaint does not indicate whether plaintiff is suing the named defendants in their individual or official capacities. She failed to indicate the nature of relief she is seeking. Until the nature of plaintiff's allegations can be determined, the court will not dismiss the individual defendants with prejudice. The individual defendants are free to reassert their arguments in response to the amended complaint at the appropriate time.

**IV.     Conclusion**

Because plaintiff failed to provide any factual support for her claims, defendants' motion to dismiss will be granted. Each of plaintiff's claims is hereby dismissed without prejudice. Plaintiff may file an amended complaint within 21 days of this order setting forth a short and plain statement showing that she is entitled to relief on each of her claims. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff should also indicate whether she is suing each individual defendant in their individual or official capacities and the nature of the relief she is seeking. Failure to file an amended complaint within the 21 day period will result in an order of dismissal with prejudice.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: February 10, 2014